UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| TIMOTHY B. BROWN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. 3:09-CV-316 TLS |
| KENNETH WELSH, *et al.*, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Timothy B. Brown, a prisoner proceeding *pro se* in this matter, filed two amended complaints [DE 12 and 14] and many supporting documents alleging causes of action pursuant to 42 U.S.C. § 1983. Although the Court would usually require that all claims be presented in a single complaint, it is clear that Brown intended to add additional defendants and claims to his first Amended Complaint. Thus, the court will review the two filings as if they were a single complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule

12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602–03 (7th Cir. 2009). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Brown alleges that Judge Chamblee retaliated against him by denying a motion to suppress in his State criminal trial, appointing him a public defender, and forcing him to proceed with a jury trial where he was convicted of burglary and robbery. A judge is entitled to absolute immunity for judicial acts regarding matters within the court's jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Ruling on motions, appointing counsel, scheduling hearings, and presiding over criminal jury trials are within the jurisdiction of State trial courts. As such, all of these alleged actions are subject to judicial immunity.

Brown alleges that Prosecutor Dvorak retaliated against him by filing an affidavit in support of an arrest warrant even though the victim had not filed a complaint against him and by permitting the prosecutor's office to prosecute him in a jury trial where he was convicted of burglary and robbery. In addition, he alleges that Deputy Prosecutor Buitendorp conspired to fabricate a police report that resulted in his arrest, altered evidence during his criminal trial, and did not properly file an appearance in his criminal case. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Creating and filing documents with the court, prosecuting criminals, handling evidence during trial, and appearing in court are all parts

of initiating and presenting the State's case in a criminal proceeding. As such, all of these alleged actions are subject to prosecutorial immunity.

Brown alleges that defense attorneys Mark S. Lenyo, Anthony V. Luber, and Philip R. Skodinski did not properly defend him. A defense attorney, even an appointed public defender, does not act under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 324–25 (1981). As such, none of these alleged actions are actionable under 42 U.S.C. § 1983.

Brown alleges that Officers Joseph Nania and Larry Lovechio illegally stopped and searched him in violation of the Fourth Amendment. During his criminal trial Brown filed a motion to suppress related to "the 'TERRY STOP' and the 'CUSTODIAL INTERROGATION'" [DE 16 at 1] which was denied. Brown was subsequently convicted. [DE 12-2 at 37]. Because Brown was convicted, the ruling on the motion to suppress has preclusive effect and this claim is barred by *res judicata*. *Best v. City of Portland*, 554 F.3d 698, 702 (7th Cir. 2009) ("Had the case terminated with a final judgment of conviction, the denial of Best's suppression motion would have preclusive effect."). As such, Brown may not proceed on this claim.

Brown alleges that Officers Joseph Nania, Larry Lovechio, Kenneth Welsh, Tommy Teeter, and Sgt. Ronald Lula fabricated a police report, and/or gave false testimony in conjunction with his State criminal trial. In addition he alleges that Officer Welsh planted evidence against him. First, the testimony of a witness is protected by absolute witness immunity. *See Briscoe v. LaHue*, 460 U.S. 325 (1983) and *House v. Belford*, 956 F.2d 711, 720–21 (7th Cir. 1992). Second, any possible claim based on falsified or planted evidence would undermine or imply the invalidity of his criminal conviction. Therefore this claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) because his conviction has not yet been "reversed on

direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. As such, these claims must also be dismissed.

For the foregoing reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED on December 15, 2009

   s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT